UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD FALKENSTEIN, | ) | Case No.: 1:14 CV 1629 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| BENNIE KELLY, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On July 23, 2014, Petitioner Donald Falkenstein ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court convictions and sentence for forty-one counts of rape of a child under age thirteen.  Petitioner was sentenced to two consecutive terms of life imprisonment, with the possibility of parole after twenty years.  He argues that his Petition should be granted based on the following grounds:

Ground One:  The trial court erred, and the court of appeals erred in affirming such action, by resentencing Petitioner without a hearing when it corrected a judgment concerning the terms of post-release control.

Ground Two:  The evidence was insufficient to sustain his convictions for rape.

(*See* Petition at 5-8.)  This court referred the case to Magistrate Judge Vecchiarelli for preparation of a Report and Recommendation ("R&R").  Respondent Bennie Kelly ("Respondent") filed a

Motion to Dismiss (ECF No. 7) on November 10, 2014, stating that the Petition should be dismissed as time-barred.

Magistrate Judge Vecchiarelli submitted her R&R (ECF No. 13) on May 4, 2015, recommending that the court grant in part and deny in part Respondent's Motion and dismiss the remainder of the Petition. The Magistrate Judge found that it would be prudent to decide Ground One on the merits, thereby recommending that Respondent's Motion to Dismiss be denied on this claim. The Magistrate Judge next determined that the court should dismiss Petitioner's first ground for relief because he did not demonstrate that the trial court acted contrary to or unreasonably applied federal law when it modified his sentencing entry without holding a hearing, nor did he demonstrate that this action violated his constitutional rights. The Magistrate Judge further found that Respondent's Motion to Dismiss should be granted with regard to Ground Two because Petitioner filed the Petition outside of the one-year period of limitations on this claim.

On May 19, 2015, Petitioner filed an Objection to Report and Recommendation (ECF No. 15), to which Respondent did not respond. With respect to Ground One, Petitioner disagrees with the Magistrate Judge's finding that he was not entitled to relief based on the trial court's failure to conduct a *de novo* sentencing hearing. According to Petitioner, the trial court did not simply correct the sentencing entry, but rather resentenced him. He further argues that the Magistrate Judge erred in citing and relying upon *State v. Qualls*, 967 N.E.2d 718 (Ohio 2012), because the case was decided after he was sentenced. Finally, Petitioner argues that his Petition was not time-barred.

The court first notes that the Magistrate Judge did not rely on *Qualls*, but discussed *Qualls* in the context of recounting the state appellate court's reasons for affirming the trial court's use of a *nunc pro tunc* order to correct Petitioner's sentence. Pursuant to § 2254:

> [W]ith respect to a claim adjudicated on the merits in state court . . . [,] a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)). The Magistrate Judge relied upon *Kentucky v. Stincer*, 482 U.S. 730, 748 (1987), clearly established federal law, to determine that "[d]ue process requires that [a defendant] be allowed to attend every critical stage of his trial." While Petitioner argues that "resentencing" was a critical stage of his trial, his characterization of the court's actions is inaccurate. According to the record, the sentencing entry was simply corrected to reflect the post-release control conditions Petitioner was informed of at sentencing. Because the correction of the sentencing entry did not modify Petitioner's actual sentence, the critical stage of trial was the sentencing hearing itself. As a result, Petitioner's due process rights did not require him to be present. The Magistrate Judge correctly concluded that the state appellate court's determination was not contrary to or an unreasonable application of federal law. Thus, Petitioner's objections are overruled.

With respect to Ground Two, Petitioner argues that the Magistrate Judge erred when she determined that his Petition was not timely because the one-year period of limitation began to accrue when his sentencing entry was corrected in 2011. The one-year period of limitations would only begin at the time the judgment was corrected for claims that the "imposition of post-release controls . . . was contrary to federal law." *Mackey v. Warden, Lebanon Corr. Inst.*, 525 F. App'x 357, 363 (6th Cir. 2013). Because Ground Two relates to the sufficiency of the evidence at trial and does not challenge the correction of his sentencing entry, the one-year period of limitation began to accrue

when his conviction became final on July 16, 2004.  Accordingly, Petitioner's objection regarding his second ground for relief is overruled.

The court finds that, after careful *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 13).  The court grants in part and denies in part Respondent's Motion to Dismiss (ECF No. 7) and dismisses the remainder of Petitioner's Writ of Habeas Corpus (ECF No. 1).  The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 19, 2015